# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARGARET JOHNSON,**

       **Plaintiff,**

**v.**                                           **Case No. 06-CV-013**

**JUNIPER BANK,**

       **Defendant.**

## DECISION AND ORDER

The Plaintiff, Margaret Johnson ("Johnson"), received a letter from the Defendant, Juniper Bank ("Juniper"), purporting to offer a pre-qualified MasterCard credit card after Juniper "pre-screened" Johnson's credit report. Johnson claims that the offer of credit did not constitute of "firm offer of credit," which, if true, would be a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA"). Before the Court is Juniper's motion to dismiss.[1]

### BACKGROUND

According to the complaint, Johnson received a two-sided MasterCard credit solicitation from Juniper in September 2005. (Compl. ¶ 6.) One side was in the form of a

---

[1] Juniper also filed a Rule 7.4 Motion to provide supplemental authority in support of its motion to dismiss. The Court will grant Juniper's Rule 7.4 Motion.

1

letter addressed to Johnson purporting to offer her a "Pre-Qualified Platinum MasterCard," with a "0% fixed introductory APR on purchases for six months," a "credit line up to $7,500," and "no annual fee." (Compl. ¶ 6, Ex. A.) The letter directed Johnson to respond to the offer by calling Juniper, visiting Juniper online, or filling out a "Reply Form," which asks Johnson for certain additional information. (*Id*.) The reverse side of the document contained several other disclosures. It declared that after the first six months, the APR will be either 12.24%, 16.24%, or 20.24%, depending on Johnson's "Reply Form and credit history." (*Id*.) It also included information pertaining to the grace period applicable to purchases, the annual fee, the minimum finance charge, and the applicable transaction charges. (*Id*.) The document also stated that the "'pre-qualified' offer of credit is based on information in your credit report indicating that you meet certain criteria." (*Id*.)

Johnson filed a complaint, alleging that Juniper improperly accessed her credit report because the solicitation she received was not a "firm offer of credit." *See* 15 U.S.C. § 1681b(c)(1)(B). Juniper filed a motion to dismiss.

**STANDARD OF REVIEW**

Dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure is only appropriate if no relief could be granted based on any set of facts that the plaintiff could prove consistent with his complaint. *See Veazey v. Commc'ns & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir. 1999). The Court, when ruling on a motion to dismiss, must accept all of the factual allegations in the complaint as true. *Hospital Bldg. Co. v. Trustees*

2

*of Rex Hospital*, 425 U.S. 738, 740 (1976). Documents attached to a complaint are considered incorporated into the complaint for purposes of a motion to dismiss. *See Moranski v. General Motors Co.*, 433 F.3d 537, 539 (7th Cir. 2005).

**DISCUSSION**

The FCRA allows a creditor access to a consumer's credit report without a consumer's authorization only for certain purposes. *See* 15 U.S.C. § 1681b(b) & (c). One such purpose, which is relevant to this case, is to extend a consumer a "firm offer of credit." 15 U.S.C. § 1681b(c)(1)(B)(i). The term "firm offer of credit" is defined as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(*l*). The Seventh Circuit has held that a "firm offer" must also have "sufficient value for the consumer to justify the absence of the statutory protection of his privacy." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 726 (7th Cir. 2004). "From the consumer's perspective, an offer of credit without value is the equivalent of an advertisement or solicitation." *Id*. at 727. Thus, the Court must look at "the *entire* offer and the effect of *all* the material conditions that comprise the credit product in question" to determine whether the offer was a legitimate credit product or merely a guise for solicitation. *Id*. at 727 (emphasis in the original). When making this determination, the Court examines the four corners of the offer to determine whether it is useful to the normal consumer as an offer of credit. *See Murray v. GMAC Mortgage Corp.*, 434 F.2d 948, 955-56 (7th Cir. 2006).

3

The purported offer that Johnson received from Juniper is an offer of credit without value. Juniper's letter offered Johnson a "credit line up to $7,500," but did not specify a minimum line of credit. Thus, by the terms of Juniper's purported offer, Juniper could offer Johnson as little as $1.00 of credit if Johnson were to accept Juniper's proposal. The Seventh Circuit explicitly held that such offers "eviscerates the explicit statutory purpose of protecting consumer data and privacy." *Cole*, 389 F.3d at 726. If the Court were to construe Juniper's offer, without a specific minimum line of credit, as a "firm offer of credit," then it would permit Juniper to "gain access to a sea of sensitive consumer information simply by offering some nominal amount of guaranteed credit." *Id*. Such a ruling would upset "the balance Congress carefully struck between a consumer's interest in privacy and the benefit of a firm offer of credit for all those chosen through the pre-screening process." *Id*. at 727. Juniper's failure to offer Johnson a specific, guaranteed amount of credit, let alone credit with "sufficient value," indicates that Juniper did not make a "firm offer of credit" as defined by the FCRA. *Id*. at 726.

Juniper argues, though, that the Seventh Circuit decision in *Cole* is distinguishable from the case at hand because, as the Seventh Circuit later explained, the "objective" of the *Cole* holding was "to separate *bona fide* offers of credit from advertisements for products and services." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 955-56 (7th Cir. 2006). *Cole* involved an offer of credit to solicit consumers to buy an automobile. That is, to the extent any credit was offered by the defendant in *Cole*, it was credit that could only be used to buy

4

an automobile. *See Cole*, 389 F.3d at 723. Juniper argues, therefore, that because Juniper is in the banking business, and only offers credit, rather than products, the holding of *Cole* does not apply to its offer of credit.

Juniper's argument in unavailing. In *Murray*, the defendant, like Juniper, was in the banking business, offered credit and did not attempt to sell any products. However, those facts alone were not enough for the court to determine that the defendant made a "firm offer of credit." Rather, the Seventh Circuit remanded to the district court, so that it could determine whether the defendant's offer was a "firm offer of credit" as elaborated by the *Cole* decision. *Murray*, 434 F.3d at 956 ("To decide whether GMACM has adhered to the statute, a court need only determine whether the four corners of the offer satisfy the statutory definition(as elaborated in *Cole*), and whether the terms are honored when consumers accept.") Furthermore, subsequent district court decisions have not held that an offer is a "firm offer of credit" simply because the defendant offered a line of credit instead of consumer products, but rather courts have looked to the sufficiency of the offer itself. *See, e.g., Bonner v. CorTrust Bank, N.A.*, 2006 WL 1980183 (N.D. Ind. July 12, 2006) (holding that the defendant's offer of credit had "some value to a consumer," after reviewing the terms of the offer, in determining that it was a "firm offer of credit"); *Murray v. Finance Am., LLC*, 2006 WL 862832 (N.D. Ill. April 4, 2006) (holding that an offer of a loan was not a "firm offer of credit").

Finally, Juniper argues that Johnson did not sufficiently allege a willful violation because she did not claim that Juniper knowingly and intentionally disregarded her rights. Johnson only alleged that Juniper's "violation was willful." (Compl. ¶ 22) However, the Seventh Circuit has held that a plaintiff need not plead facts to each element of a purported violation, nor does a plaintiff even need to plead each ingredient of a sound legal theory. *See Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) ("Plaintiffs need not plead facts; they need not plead law; they plead claims for relief.") Johnson's complaint gave Juniper notice of Johnson's claim for relief, and it need do no more. *See id.*; Fed. R. Civ. P. 8(a). Accordingly, Juniper's motion to dismiss is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Juniper's Rule 7.4 Motion to Provide Supplemental Authority (Docket No. 21) is **GRANTED**.

Juniper's Motion to Dismiss (Docket No. 7) is **DENIED**.

Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **October 31, 2006** at **10:30 a.m** (Central Time). The Court will initiate the call.

The purpose of the conference call will be to establish a Scheduling Order which will limit the time:

1. to join other parties and to amend the pleadings;

2. to file and hear motions;

3. to complete discovery; and

4. to disclose experts.

The Scheduling order may also include:

5. the date or dates for subsequent Rule 16 conferences, a final pretrial conference and trial; and

6. any other matters appropriate in the circumstances of the case.

The time limitations set forth in the Scheduling Order shall not be modified except upon showing of good cause and by leave of the Court. Fed. R. Civ. P. 16(b)(6).

Special attention should be given to Rule 26(f), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rule 26 also mandates that the parties, within fourteen (14) days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in subsections (1)-(4) of Rule 26(f), the Court requests that the proposed discovery plan

submitted by the parties include a very brief statement of the nature of the case, lasting no more than several sentences.

Dated at Milwaukee, Wisconsin this 29th day of August, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**