# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARGARET JOHNSON,**

           **Plaintiff,**

    v.                                                             Case No. 06-C-13

**JUNIPER BANK,**

           **Defendant.**

## DECISION AND ORDER

The plaintiff, Margaret Johnson ("Johnson"), alleges that Juniper Bank violated the Fair Credit Reporting Act ("FCRA") by accessing her credit report without a permissible purpose. Juniper Bank filed a motion for summary judgment, which the Court will grant for the following reasons.

### BACKGROUND

In September 2005, Johnson received a pre-approved credit card offer from Juniper Bank in the mail. According to the mailer, the offer was for a Platinum MasterCard with a six-month, fixed 0% APR on purchases; a credit line of up to $7,500.00; and no annual fee. At the expiration of the six-month introductory period, the mailer informed Johnson that that the APR would be either 12.24%, 16.24%, or 20.24%, depending upon Johnson's "Reply Form and credit history." The MasterCard also carried with it numerous free "Platinum

Benefits," including travel and rental insurance. The mailer did not state the minimum line of credit, but it gave a toll free number by which Johnson could have obtained that information. The minimum line of credit offered was $250.00. (Pigott. Aff. ¶ 4.)

## STANDARD OF REVIEW

A court will grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. If the movant meets his burden, the nonmovant may not rest on the pleadings. Instead, the nonmovant must come forward with evidence that there is a genuine issue for trial that would support a reasonable jury verdict on every issue for which he bears the burden of proof at trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *Celotex Corp.*, 477 U.S. at 322-24. If the nonmoving party bears the burden of proof on a matter at trial, and he is unable "to establish the existence of an element essential to [his] case," summary judgment is appropriate. *Celotex*, 477 U.S. at 322-23.

## DISCUSSION

Johnson alleges that Juniper Bank did not have a permissible purpose under the FCRA to access her credit report because the mailer did not contain a "firm offer of credit." She

-2-

Case 2:06-cv-00013-RTR   Filed 11/28/07   Page 2 of 8   Document 48

also avers that the violation was "willful," in which case she would be entitled to actual, statutory and punitive damages. *See* 15 U.S.C. § 1681(a).

## I.     Firm Offer of Credit Under the FCRA

Under the FCRA, a lender may access and use credit information "in connection with any credit or insurance transaction that is not initiated by the consumer only if . . . the transaction consists of a firm offer of credit or insurance." 15 U.S.C. § 1681b(c)(1)(B)(i). A "firm offer of credit" is defined as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer except that the offer may be further conditioned . . . ." 15 U.S.C. § 1681a(l). That is to say, a firm offer of credit "really means firm offer if you meet certain criteria." *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 841 (5th Cir. 2004) (internal quotes omitted), *cert. denied*, 543 U.S. 995 (2004).[1]

A firm offer of credit must also have "sufficient value for the consumer to justify the absence of the statutory protection of his privacy." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 726 (7th Cir. 2004). The offer must have "sufficient value" because "an offer of credit without value is the equivalent of an advertisement or solicitation. It is clear that Congress

---

[1] The "firm offer" may be conditioned on three specific requirements. First, the creditor may apply additional pre-selected criteria bearing on the consumer's creditworthiness. Second, the firm offer may be conditioned on verification that the consumer continues to meet the specific criteria used to select the consumer for the offer. Third, the offer may be conditioned on the consumer furnishing any collateral that was both established and disclosed to the consumer before selection of the consumer for the offer. *See* 15 U.S.C. § 1681a(l)(1-3).

-3-

did not intend to allow access to consumer credit information 'for catalogs and sales pitches.'" *Id*. at 727 (quoting *Trans Union Corp. v. FTC*, 267 F.3d 1138, 1143 (D.C. Cir. 2001)).

To determine whether an offer of credit has sufficient value, *Cole* instructs courts to examine the following factors: (1) whether it appears likely that the offer would be honored; (2) whether the material terms of the offer are adequately disclosed; and (3) whether the amount of credit being offered is minimal or subject to so many limitations that it is of little value. *See Zawacki v. Gaol Financial, LLC*, 483 F.Supp.2d 653, 656 (N.D. Ill. 2007) (citing *Cole*, 389 F.3d at 727-28). These factors are considered together; no single factor is determinative. *See Zawacki*, 483 F.Supp.2d at 656 (citing *Cole*, 389 F.3d at 727-28, and *Perry v. First Nat'l Bank*, 459 F.3d 816, 824-25 (7th Cir. 2006)).

### 1. Likelihood that the offer would be honored

First, it appears likely that Juniper Bank's offer of credit to Johnson would have been honored. The mailer asserts that she is "pre-qualified" for the credit card, and it further states: "Accept Your Card Today – In Just 30 Seconds!" Those statements are in contrast to the mailer in *Cole* that expressly said that "[g]uaranteed approval is neither express nor implied." *See Cole*, 389 F.3d at 728. Accordingly, based on the statements in the mailer, it appears likely that the offer would have been honored if Johnson attempted to accept it.

-4-

### 2. Disclosure of material terms

Johnson argues that the mailer was a "sham offer" because the mailer does not disclose the minimum line of credit. As the Court has already determined, Johnson's argument is unavailing. *See Johnson v. Juniper Bank*, 06-C-13 (June 15, 2007; Docket No. 40.). In the wake of *Cole,* numerous courts have held that the absence of some material terms does not automatically remove a loan solicitation from the statutory definition of a firm offer of credit. *See Forrest v. JP Morgan Chase Bank*, 2007 WL 2773518, at *3 (E.D. Wis. Sept. 21, 2007); *Price v. Capital One Bank*, 2007 WL 1521525, at #3-4 (E.D. Wis. May 22, 2007) (holding that the absence of the minimum line of credit in the mailer does not violate the FCRA); *Murray v. HSBC Auto Finance, Inc.*, 2006 WL 2861954, at * 4 (N.D. Ill. Sept. 27, 2006) ("nothing in the test or legislative history of § 1681n requires [the defendant] to include the specific terms of the loan.") In addition, Johnson could have discovered the minimum line of credit with minimal effort by calling the toll free number provided in the mailer. *See Forrest v. JP Morgan Chase Bank*, 2007 WL 2773518, at *4 (E.D. Wis. Sept. 21, 2007); *Poehl v. Countrywide Home Loans, Inc.*, 464 F.Supp.2d 882, 884 (E.D. Mo. 2006).

Furthermore, the mailer included many material terms. For instances, it explicitly stated that Johnson is pre-qualified for a credit line of up to $7,500.00, that there is a 0% fixed APR on purchases for the first six months, that there is no annual fee, and that there are free benefits like travel and rental insurance. The mailer also notified Johnson that after the

-5-

first six months, she would have a variable rate between 12.24% and 20.24% for purchases.

Juniper Bank revealed many of the material terms, and Johnson could have easily ascertained the amount of the minimum line of credit by calling the toll free telephone number provided. Accordingly, the second factor weighs in Juniper Bank's favor as well.

### 3. Amount of credit being offered

In *Cole*, the Seventh Circuit held that an offer of $300.00 in credit towards the purchase of a car did not have value, in part because "the relatively small amount of credit combined with the known limitations of the offer – that it must be used to purchase a vehicle – raises a question whether the offer has value to the consumer." *Cole*, 389 F.3d at 728. An important consideration in *Cole* was that the credit offered could only be used towards the purchase of a car. This point was highlighted in *Perry*, which noted that a credit card offer with an extremely low credit limit ($250.00) could be used "to purchase any products or services for which Visa is accepted. This is in stark contrast to the credit offered in *Cole*, which could be used only toward the purchase of a vehicle at a particular car dealership. In *Cole*, the cost of purchasing a vehicle dwarfed the value of the credit offer." *Perry*, 459 F.3d at 825.

Here, like in *Perry*, the minimum credit amount is $250.00 and the credit card can be used to purchase anything, not just a car. Indeed, Juniper Bank's offer has more value than the one in *Perry*. In *Perry*, the credit card was laden with fees – $128.00 in one-time processing and acceptance fees, and an additional $122.00 in recurring annual fees. *Id*. at

-6-

Case 2:06-cv-00013-RTR   Filed 11/28/07   Page 6 of 8   Document 48

824. The card that Juniper Bank offered, in contrast, has no annual fee, processing fee, acceptance fee, or participation fee. The offer, therefore, has sufficient value to be a "firm offer of credit."

## II. Willful Violation

Johnson also avers that Chase's alleged violation is "willful," which, if true, opens the door to statutory damages. Recently, in *Safeco Ins. Co. of Am. v. Burr*, ---- U.S. ----, 127 S.Ct. 2201 (2007), the Supreme Court held that a defendant willfully violates the FCRA if the defendant acts in "reckless disregard" of the FCRA's obligations. *Id*. at 2209-10. Thus, a violation is not willful "unless the action is not only a violation under a reasonable reading of the statue's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. at 2215. There is no willful violation if the defendant's "reading of the statute, albeit erroneous, was not objectively unreasonable." *Id*.

As discussed above, the Court finds that Juniper Bank's reading of the statute is the correct one. However, even if the Court is wrong and Juniper Bank's mailer is not a "firm offer of credit" as defined by the FCRA, Juniper Bank's actions were not objectively unreasonable. The centerpiece of Johnson's argument is that the mailer's failure to state the minimum line of credit necessarily means that it was not a firm offer of credit, but, as noted above, numerous courts have held that the FCRA imposes no such requirement. This precludes a finding of wilfulness in the instant case. *See Safeco*, 127 S.Ct. at 2215-16

("While we disagree with Safeco's analysis, we recognize that its reading has a foundation in the statutory text, and a sufficiently convincing justification to have persuaded the District Court to adopt it and rule in Safeco's favor.").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Juniper Bank's Motion for Summary Judgment (Docket No. 44) is **GRANTED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 28th day of November, 2007.

                        **BY THE COURT**

                        s/ Rudolph T. Randa
                        **Hon. Rudolph T. Randa**
                        **Chief Judge**